Index No. 24-cv-02530 (MMG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOPETON FRANCIS,

                                                                    Plaintiff,

                              -against-

CITY OF NEW YORK,  et al.,

                                                                    Defendants.

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

**MURIEL GOODE TRUFANT**
*Acting Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Jeffrey S. Dantowitz*
*Tel:  (212) 356-0876*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ........................................................................... 1

STATEMENT OF FACTS ................................................................................... 1

ARGUMENT ........................................................................................................ 2

LEGAL STANDARD .......................................................................................... 2

  POINT I

    PLAINTIFF HAS FAILED TO EXHAUST HIS
    ADMINISTRATIVE REMEDIES ............................................. 4

  POINT II

    PLAINTIFF FAILS TO ALLEGE THE
    PERSONAL INVOLVEMENT OF THE
    INDIVIDUAL DEFENDANTS ................................................. 9

  POINT III

    THE AMENDED COMPLAINT DOES NOT
    SUPPORT A CLAIM FOR DELIBERATE
    INDIFFERENCE TO PLAINTIFF'S MEDICAL
    NEEDS ................................................................................... 10

  POINT IV

    PLAINTIFF FAILS TO STATE A CLAIM OF
    MUNICIPAL LIABILITY AGAINST THE CITY
    OF NEW YORK ...................................................................... 14

CONCLUSION .................................................................................................... 16

## TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                    <u>**Pages**</u>

*Abbas v. Dixon,*
    480 F.3d 636 (2d Cir. 2007) ..................................................................................2

*AKINS v. SIU,*
    1981 U.S. Dist. LEXIS 14251
    (S.D.N.Y. Aug. 27, 1981) ...................................................................................14

*Amador v. Andrews,*
    655 F.3d 89 (2d Cir. 2011) .....................................................................................5

*Antrobus v. Warden of GRVC,*
    2012 U.S. Dist. LEXIS 73324
    (S.D.N.Y. May 25, 2012) .......................................................................................4

*Apotex, Inc. v. Acorda Therapeutics, Inc.,*
    823 F.3d 51 (2d Cir. 2016) .....................................................................................4

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)................................................................................................2

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007).............................................................................................2, 3

*Bird v. County of Westchester,*
    2022 U.S. Dist. LEXIS 111672
    (S.D.N.Y. June 23, 2022) .....................................................................................15

*Brock v. Wright,*
    315 F.3d 158 (2d Cir. 2003) .................................................................................11

*Bush v. City of New York,*
    2021 U.S. Dist. LEXIS 60986
    (S.D.N.Y. Mar. 30, 2021) ...................................................................................7, 8

*Caiozzo v. Koreman,*
    581 F.3d 63 (2d Cir. 2009) ...................................................................................12

*Campbell v. Hanson,*
    2018 U.S. Dist. LEXIS 111215
    (S.D.N.Y. June 29, 2018) .....................................................................................15

*Cary v. City of New York,*
    2018 U.S. Dist. LEXIS 51167,
    (S.D.N.Y. Mar. 27, 2018) ...................................................................................7, 8

**Cases**                                                                            **Pages**

*Castro-Sanchez v. New York State Dep't of Corr. Servs.*,
    2011 U.S. Dist. LEXIS 140003
    (S.D.N.Y. Dec. 6, 2012) ........................................................................................13

*Chance v. Armstrong*,
    143 F.3d 698 (2d Cir. 1998) .....................................................................10, 12, 13

*Chavis v. Chappius*,
    618 F.3d 162 (2d Cir. 2010) ...................................................................................3

*Cleveland v. Caplaw Enters.*,
    448 F.3d 518 (2d Cir. 2006) ...................................................................................3

*Colon v. Coughlin*,
    58 F.3d 865 (2d Cir. 1995) .....................................................................................9

*Connick v. Thompson*,
    563 U.S. 51 (2011)................................................................................................14

*Darnell v. Pineiro*,
    849 F.3d 17 (2d Cir. 2017) ............................................................................10, 12

*Dean v. Coughlin*,
    804 F.2d 207 (2d Cir. 1986) ..........................................................................13, 14

*DeCarlo v. Fry*,
    141 F.3d 56 (2d Cir. 1998) ...................................................................................15

*Deferio v. City of Syracuse*,
    770 F. App'x 587 (2d Cir. 2019) ..........................................................................15

*Espinal v. Goord*,
    558 F.3d 119 (2d Cir. 2009) ...................................................................................5

*Estelle v. Gamble*,
    429 U.S. 107 (1976)..............................................................................................13

*Farmer v. Brennan*,
    511 U.S. 825 (1994)........................................................................................10, 12

*Fisk v. Letterman*,
    401 F. Supp. 2d 362 (S.D.N.Y. 2005) ...................................................................3

*Garcia v. Watts*,
    2009 U.S. Dist. LEXIS 84697
    (S.D.N.Y. Aug. 27, 2009)......................................................................................9

**Cases**                                                                                                        **Pages**

*Gottesfeld v. Anderson,*
    2020 U.S. Dist. LEXIS 40638
    (S.D.N.Y. Mar. 6, 2020) ................................................................................................3

*Harris v. Bowden,*
    2006 U.S. Dist. LEXIS 12450
    (S.D.N.Y. Mar. 23, 2006) ..............................................................................................5

*Harrison v. Harlem Hosp.,*
    364 F. App'x 686 (2d Cir. 2010) ..................................................................................8

*Hathaway v. Coughlin,*
    99 F.3d 550 (2d Cir. 1996) ...............................................................................10, 11, 12

*Hemmings v. Gorczyk,*
    134 F.3d 104 (2d Cir. 1998) ..........................................................................................9

*Hickman v. City of New York,*
    2021 U.S. Dist. LEXIS 152345
    (S.D.N.Y. Aug. 12, 2021) ..............................................................................................4

*Hill v. Curcione,*
    657 F.3d 116 (2d Cir. 2011) ........................................................................................11

*Houston v. Lack,*
    487 U.S. 266 (1988)........................................................................................................8

*Hudson v. McMillen,*
    503 U.S. 1 (1992)..........................................................................................................11

*Johnson v. Newburgh Enlarged Sch. Dist.,*
    239 F.3d 246 (2d Cir. 2001) ..........................................................................................9

*Johnson v. Rowley,*
    569 F.3d 40 (2d Cir. 2009) ............................................................................................4

*Jones v. Westchester County Dep't of Corr. Med. Dep't,*
    557 F. Supp. 2d 408 (S.D.N.Y. 2008) ........................................................................12

*Kelly v. Carter,*
    2023 U.S. Dist. LEXIS 146883
    (S.D.N.Y. Aug. 18, 2023)...........................................................................................7, 8

*Kramer v. Time Warner, Inc.,*
    937 F.2d 767 (2d Cir. 1991) ..........................................................................................3

**<u>Cases</u>**                                                                                          **<u>Pages</u>**

*Leneau v. City of New York*,
    2018 U.S. Dist. LEXIS 13115
    (S.D.N.Y. Jan. 26, 2018) ..........................................................................5

*Massey v. City of New York*,
    2021 U.S. Dist. LEXIS 164288
    (S.D.N.Y. Aug. 30, 2021) .....................................................................5, 7

*Massey v. Morgan*,
    2021 U.S. Dist. LEXIS 164981
    (S.D.N.Y. Aug. 31, 2021) .........................................................................11

*Moffitt v. Town of Brookfield*,
    950 F.2d 880 (2d Cir. 1991) .......................................................................9

*Monell v. New York City Dep't of Soc. Servs.*,
    436 U.S. 658 (1978)..........................................................................14, 15

*Nicosia v. Amazon.com, Inc.*,
    834 F.3d 220 (2d Cir. 2016) .......................................................................3

*Noble v. Kelly*,
    246 F.3d 93 (2d Cir. 2001) .........................................................................8

*Pabon v. Wright*,
    459 F.3d 241 (2d Cir. 2006) .......................................................................3

*Pani v. Empire Blue Cross Blue Shield*,
    152 F.3d 67 (2d Cir. 1988) .........................................................................4

*Phelps v. Kapnolas*,
    308 F.3d 180 (2d Cir. 2002) .......................................................................2

*Pizarro v. Ponte*,
    2019 U.S. Dist. LEXIS 22767
    (S.D.N.Y. Feb. 11, 2019)...........................................................................5

*Porter v. Nussle*,
    534 U.S. 516 (2002)...................................................................................4

*Price v. City of New York*,
    2012 U.S. Dist. LEXIS 123990
    (S.D.N.Y. Aug. 30, 2012)...........................................................................3

**Cases**                                                                          **Pages**

*Richardson v. City of New York*,
    2012 U.S. Dist. LEXIS 139614
    (S.D.N.Y. Sept. 27, 2012)................................................................................6

*Salahuddin v. Goord*,
    467 F.3d 263 (2d Cir. 2006) ...............................................................10, 11, 13

*Sanders v. City of New York*,
    2018 U.S. Dist. LEXIS 105814
    (S.D.N.Y. June 25, 2018) ...............................................................................5

*Schwartz v. Dennison*,
    518 F. Supp. 2d 560 (S.D.N.Y. 2007) .............................................................9

*Smith v. Carpenter*,
    316 F.3d 178 (2d Cir. 2003) ...........................................................................11

*Smith v. City of New York*,
    2014 U.S. Dist. LEXIS 78475
    (S.D.N.Y. June 9, 2014) ..................................................................................8

*Sonds v. St. Barnabas Hosp. Corr. Health Servs.*,
    151 F. Supp. 2d 303 (S.D.N.Y. 2001) ...........................................................13

*Spavone v. New York State Dep't of Corr. Servs.*,
    719 F.3d 127 (2d Cir. 2013) ...........................................................................13

*Spinale v. USDA*,
    621 F. Supp. 2d 112 (S.D.N.Y. 2009) .............................................................2

*Tavares v. City of New York*,
    2010 U.S. Dist. LEXIS 80227
    (S.D.N.Y. Mar. 12, 2010) ...............................................................................9

*Taylor v. City of New York*,
    2018 U.S. Dist. LEXIS 52308
    (S.D.N.Y. Mar. 27, 2018) ...........................................................................5, 10

*Teletronics Proprietary, Ltd. v. Medtronic, Inc.*,
    687 F. Supp. 832 (S.D.N.Y. 1988),
    *aff'd*, 356 F. App'x 465 (2d Cir. 2009)............................................................2

*Terry v. Carter*,
    2023 U.S. Dist. LEXIS 8018
    (S.D.N.Y. Jan. 17, 2023) .................................................................................7

**Cases**                                                                  **Pages**

*Triestman v. Fed. Bureau of Prisons*,
    470 F.3d 471 (2d Cir. 2006) ........................................................................3

*Troy v. Kuhlmann*,
    1999 U.S. Dist. LEXIS 16027
    (S.D.N.Y. Oct. 15, 1999) ........................................................................13

*Tsinberg v. City of New York*,
    2021 U.S. Dist. LEXIS 56958
    (S.D.N.Y. Mar. 25, 2021) ........................................................................3

*Vippolis v. Village of Haverstraw*,
    768 F.2d 40 (2d Cir. 1985) ........................................................................15

*Williams v. City of New York*,
    2015 U.S. Dist. LEXIS 94895
    (S.D.N.Y. July 21, 2015) ........................................................................16

*Wilson v. Seiter*,
    501 U.S. 294, 298 (1991),
    *aff'd*, 309 F. App'x 535 (2d Cir. 2009) ........................................................................10

*Wise v. Halko*,
    1997 U.S. Dist. LEXIS 13903
    (S.D.N.Y. Sept. 12, 1997) ........................................................................13

*Woodford v. Ngo*,
    548 U.S. 81 (2006) ........................................................................5

*Wright v. Smith*,
    21 F.3d 496 (2d Cir. 1994) ........................................................................9

**<u>Cases</u>**                                                                                                                  **<u>Pages</u>**

*Young v. Carter*,
2023 U.S. Dist. LEXIS 40081
(S.D.N.Y. Mar. 9, 2023) ...................................................................................................7

**<u>Statutes</u>**

42 U.S.C. § 1983 ..........................................................................................4, 9, 14, 15

42 U.S.C. § 1997e(a) ....................................................................................................4

Fed. R. Civ. P. 12(b)(6) ........................................................................................1, 2, 3

Fed. R. Evid. 201 .........................................................................................................3

Fed. R. Evid. 201(b) .....................................................................................................5

## PRELIMINARY STATEMENT

Defendants City of New York, Jerome Salmon and Colette Raspanti now submit this memorandum of law in support of their motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Although DOC has a grievance procedure it is facially clear from the Complaint that Plaintiff could not have completed each of the required steps for each alleged grievance. Accordingly, Plaintiff failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act, and this case must now be dismissed.[1]

## STATEMENT OF FACTS

At the time of the events giving rise to this action,[2] Plaintiff was a pre-trial detainee in the custody of the New York City DOC and housed at the North Infirmary Unit. Am. Cmplnt ("ECF No. 15") at 2.[3]  Plaintiff alleges that, after having a heart attack on March 1, 2024, he was walked to the medical unit for treatment.  He was then transported to Bellevue Hospital, where he "was given lots of medicine and stabilized."  Plaintiff alleges that upon his return to NIC, the DOC escort officer lost his "medical discharge papers" and, as a result, he has been given inadequate after care.  On March 12, 2024, Plaintiff suffered a bloody nose and was required to walk to the medical clinic, where he "fell upon arrival."   As a result of the fall, Plaintiff alleges his foot became infected, for which he has been receiving treatment  For relief, Plaintiff seeks $4.3 million in damages, as well as "assisted care following release."

---

[1] Although Defendants Garcia and Davis have not been identified or served, the arguments made herein would also support dismissal of this action as against them.

[2] Defendants assume the truth of the allegations contained the Complaint for purposes of this motion only.

[3] The citations herein reference the pages assigned by the Court's Electronic Court Filing system.

Although Plaintiff names Deputy Warden Jerome Salmon, Nurse Administrator Colette Raspanti, Captain Davis and Officer Garcia as defendants, the body of the Amended Complaint is wholly devoid of any mention of these individuals.

## ARGUMENT

## LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court should "accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Phelps v. Kapnolas*, 308 F.3d 180, 184 (2d Cir. 2002) (internal quotes omitted). Still, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

At a minimum, then, the pleading must set forth sufficient information for the court to determine whether the allegations support some recognized legal theory. *Spinale v. USDA*, 621 F. Supp. 2d 112, 119 (S.D.N.Y. 2009) (citing *Teletronics Proprietary, Ltd. v. Medtronic, Inc.*, 687 F. Supp. 832, 836 (S.D.N.Y. 1988)), *aff'd*, 356 F. App'x 465 (2d Cir. 2009). Thus, bare "'labels and conclusions,'" "'formulaic recitation[s] of the elements of a cause of action,'" "'naked assertion[s] devoid of 'further factual enhancement,'" or allegations that "do not permit the court to infer more than the mere possibility of misconduct" cannot, in and of themselves, state a plausible claim. *See Iqbal*, 550 U.S. at 678–79 (alterations in original) (quoting *Twombly*, 550 U.S. at 555). Further, while *pro se* pleadings are to be construed liberally and read to raise the strongest arguments that they suggest, *see, e.g., Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007), this does

2

not relieve *pro se* plaintiffs of the requirement of providing enough facts to "nudg[e] their claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570.

In deciding a Fed. R. Civ. Proc. Rule 12(b)(6) motion to dismiss, "the submissions of a pro se litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *quoting Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). However, "a pro se plaintiff must still plead enough facts to state a claim to relief that is plausible on its face." *Gottesfeld v. Anderson*, 2020 U.S. Dist. LEXIS 40638, at *5 (S.D.N.Y. Mar. 6, 2020). Despite the Court's obligation "to draw the most favorable inferences" from a complaint, the Court "cannot invent factual allegations that [a pro se plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). "The Court need not accept allegations that are 'contradicted by other matters asserted or relied upon or incorporated by reference by a plaintiff in drafting the complaint.'" *Tsinberg v. City of New York*, 2021 U.S. Dist. LEXIS 56958, at *4 (S.D.N.Y. Mar. 25, 2021) (*quoting Fisk v. Letterman*, 401 F. Supp. 2d 362, 368 (S.D.N.Y. 2005)).

A motion under Rule 12(b)(6) "should also be granted where an affirmative defense or other reason barring relief is apparent from the face of the complaint." *Price v. City of N.Y.*, 2012 U.S. Dist. LEXIS 123990, at *4 (S.D.N.Y. Aug. 30, 2012).

Finally, a complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it be reference. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (citation and internal quotation marks omitted). In deciding a Rule 12 (b)(6) motion, a court may also consider matters of which judicial notice may be taken under Fed. R. Evid. 201. *See Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773–75 (2d Cir. 1991); *see, e.g., Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). Matters of which judicial

notice make be taken include "documents that are publicly available and whose accuracy cannot reasonably be questioned." *See Apotex, Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 60 (2d Cir. 2016).

## POINT I

### PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

As provided by the Prison Litigation Reform Act ("PLRA"), "no action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits [by] afford[ing] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 524-25, (2002).

Failure to exhaust administrative remedies under the PLRA is an affirmative defense, thus an inmate bringing suit "need not plead administrative exhaustion in his complaint. *Hickman v. City of New York*, 2021 U.S. Dist. LEXIS 152345, at *2 (S.D.N.Y. Aug. 12, 2021); *see Johnson v. Rowley*, 569 F.3d 40, 45 (2d Cir. 2009). Nevertheless, the Court may dismiss a complaint at the pleading stage for failure to exhaust "if the defense 'appears on the face of the complaint.'" *Antrobus v. Warden of GRVC*, 2012 U.S. Dist. LEXIS 73324, at *4 (S.D.N.Y. May 25, 2012) (*quoting Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1988)). Thus, "courts within this District routinely grant motions to dismiss where a plaintiff's non-exhaustion is clear from the face of the complaint." *Hickman*, 2021 U.S. Dist. LEXIS 152345, at *2 (collecting cases).

The exhaustion of administrative remedies must be *proper* – that is, in compliance with a prison grievance program's deadlines and other critical procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006); *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (PLRA requires proper exhaustion, that is "using all steps that the agency holds out, and doing so properly."). The procedure for exhaustion is not defined by the PLRA, but rather by the rules of the facility in which the inmate-plaintiff is incarcerated. *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009). Here, the New York City DOC Inmate Grievance Procedure ("IGRP") describes a carefully prescribed, multi-step grievance process available to inmates in DOC custody. *See* New York City Department of Correction Directive "Inmate Grievance Procedures" (No. 3376R-A, effective Dec. 10, 2018).[4] The IGRP applies to "[a]ny inmate who is directly and personally affected by an issue, condition, practice, service, or lack of an accommodation about any issue that may arise in connection with their incarceration or action relating to their confinement." *Massey v. City of New York*, 2021 U.S. Dist. LEXIS 164288, *15 (S.D.N.Y. Aug. 30, 2021).   As relevant here, "[c]ourts in this jurisdiction have repeatedly held that a claim for deliberate indifference to medical needs is a grievable issue under the City's grievance program." *Harris v. Bowden*, 2006 U.S. Dist. LEXIS 12450, at *3 (S.D.N.Y. Mar. 23, 2006); *see, e.g.*, *Leneau v. City of New York*, 2018 U.S. Dist. LEXIS 13115, at *7 (S.D.N.Y. Jan. 26, 2018) ("[C]laims relating to access to medical care filed against corrections officers do fall within [the IGRP's] purview."); *Richardson*

---

[4] Available at:  https://www1.nyc.gov/assets/doc/downloads/directives/Directive_3376R-A.pdf (last visited June 7, 2022).  Defendants respectfully request that the Court take judicial notice of DOC's grievance procedure pursuant to Fed. R. Evid. 201(b) & (d).  *See Pizarro v. Ponte*, 2019 U.S. Dist. LEXIS 22767, *9–10 (S.D.N.Y. Feb. 11, 2019) (taking judicial notice of the IGRP). *See also Sanders v. City of N.Y.*, 2018 U.S. Dist. LEXIS 105814, *10 n.1 (S.D.N.Y. June 25, 2018) ("It is a common practice in this District to take judicial notice of the version of the IGRP in effect at the time of the events giving rise to [a prisoner's] claim.") (internal quotation marks omitted); *Taylor v. City of New York,* 2018 U.S. Dist. LEXIS 52308, *9 n.5 (S.D.N.Y. Mar. 27, 2018) (judicial notice of IGRP is "common practice" in this judicial district).

*v. City of New York*, 2012 U.S. Dist. LEXIS 139614, at \*6-8 (S.D.N.Y. Sept. 27, 2012)(inmate's claim of deliberate indifference to medical needs subject to PLRA)

In summary, (1) the inmate generally must submit a grievance within ten days of the complained-of incident either on the required form or through a 311 call.  IGRP, §§ III.A and III.V; (2) the Grievance Coordinator has seven business days to investigate and render a resolution. IGRP §VI.A.1; (3) if the inmate disagrees with the proposed resolution, the inmate may appeal to the facility's commanding officer.  IGRP, § VI.6.a.ii;[5] (4) after receipt of the appeal through channels (which may take one business day), the facility's commanding officer has five business days to issue a determination.  IGRP, § VII.B; (5) if the inmate disagrees with the commanding officer's disposition, the inmate has two business days to appeal to the facility's division chief. IGRP, § VII.D; (6) the facility's division chief must issue a disposition within five business days of receipt of the appeal through channels.  IGRP, § VIII, B; (7) if the inmate disagrees with the proposed disposition, he must appeal to the Central Office Review Committee ("CORC") within two business days of receipt of the division chief's determination.  *id.,* and (8) members of CORC must submit to CORC's chairperson, the Director of Constituent and Grievance Services, their respective decisions within five business days of receiving the appeal through channels.  IGRP, § IX, F.1.b.

As noted above, an inmate must advance through each of these steps in order to have properly exhausted his administrative remedies and therefore be entitled to file a federal action.  *See, e.g., Massey*, 2021 U.S. Dist. LEXIS 164288, \*17 (S.D.N.Y. Aug. 30, 2021) ("it is also well settled that 'proper exhaustion' requires an inmate to not only file an initial grievance,

---

[5] If requested by a Grievance Coordinator, an inmate's appeal to the facility commanding officer may trigger a Preliminary Evidentiary Review, with its own attendant timeframes, which is conducted prior to any review by facility's commanding officer.  IGRP, § VI.7.

but also to exhaust his claims through each level of the specified grievance process."). Notably, "[e]ach of these [IGRP] steps can take between five and seven days, such that the entire grievance process may take several weeks to complete." *Kelly v. Carter*, 2023 U.S. Dist. LEXIS 146883, *8 (S.D.N.Y. Aug. 18, 2023) (quoting *Bush v. City of New York*, 2021 U.S. Dist. LEXIS 60986, at *2 (S.D.N.Y. Mar. 30, 2021); *Young v. Carter*, 2023 U.S. Dist. LEXIS 40081, at *5 (S.D.N.Y. Mar. 9, 2023). *See Terry v. Carter*, 2023 U.S. Dist. LEXIS 8018, * 12, (S.D.N.Y. Jan. 17, 2023) ("Even assuming that Plaintiff filed a grievance the same day as the incident and immediately appealed every adverse decision, he could not have exhausted his appeals. The facility was entitled to take twenty five days or more to resolve all levels of appeal."); *Bush*, 2021 U.S. Dist. LEXIS 60986, at *2 (dismissing pro se prisoner's Complaint because the inmate signed his complaint "twenty-two calendar days, and just fifteen business days, after his initial grievance..."); *Cary v. City of New York*, No. 2018 U.S. Dist. LEXIS 51167, at *8 (S.D.N.Y. Mar. 27, 2018) (finding that "even if Plaintiff acted expeditiously, it would take approximately "five or six weeks from the filing of the initial grievance to complete the mandated grievance process").

Plaintiff's Amended Complaint should be dismissed because it appears from the face of his pleading that Plaintiff could not have possibly exhausted the administrative remedies available to him. Plaintiff's Amended Complaint alleges incidents that occurred on March 1, 2024 and March 12, 2024. As set forth on his initial Complaint, Plaintiff signed the Complaint on March 22, 2024 and it was received by the Court's Pro Se Office on April 1, 2024. (ECF No. 1 at 6, 8). "Under the 'prison mailbox rule,' a submission from an incarcerated pro se litigant is generally deemed to have been filed when it is given to prison officials." *Smith v. City of New York*, 2014 U.S. Dist. LEXIS 78475, at *2-3 (S.D.N.Y. June 9, 2014) (*citing Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001) and *Harrison v. Harlem Hosp.*, 364 F. App'x 686, 687 (2d Cir. 2010)). *See Houston*

*v. Lack*, 487 U.S. 266, 276 (1988).  Although the Complaint does not indicate the date on which

Plaintiff delivered his Complaint to DOC officials for mailing, it is notable that he attaches to his

Complaint a document dated March 25, 2024 (ECF No. 1 at 7).  Thus, it is reasonable to assume

that he did not deliver his Complaint to jail officials for mailing until at least March 25 and no later

than Friday March 29, 2024.

   Thus, depending on which date is used, Plaintiff "filed" this action a mere 16 or 20

business days (or 3 to 4 weeks) .or 7 or 11 business days (or 1 to 2 weeks) after the events giving

rise to his claims, when measured from March 1, 2024 and March 14, 2024 respectively. This

timing is facially insufficient for Plaintiff to have completed the available grievance process.  *See*

*Kelly*, 2023 U.S. Dist. LEXIS 146883, *8 (S.D.N.Y. Aug. 18, 2023) (collecting cases); *Bush*, 2021

U.S. Dist. LEXIS 60986, at *2; *Cary*, 2018 U.S. Dist. LEXIS 51167, at *8.

   As Plaintiff failed to exhaust his administrative remedies, this action should be

dismissed.

## POINT II

## PLAINTIFF FAILS TO ALLEGE THE PERSONAL INVOLVEMENT OF THE INDIVIDUAL DEFENDANTS

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991). Where a plaintiff fails to allege how a particular defendant was personally involved in any of the action or inaction that led to a violation of the plaintiff's constitutional or federal rights, dismissal as to that defendant is warranted. *Hemmings v. Gorczyk*, 134 F.3d 104, 109 n.4 (2d Cir. 1998); *Tavares v. City of N.Y.*, 2010 U.S. Dist. LEXIS 80227, at *11 (S.D.N.Y. Mar. 12, 2010) ("A complaint should be dismissed against a defendant when it contains no allegations indicating how the defendant violated the law or injured the plaintiff.") (internal quotations omitted); *Schwartz v. Dennison*, 518 F. Supp. 2d 560, 573 n.11 (S.D.N.Y. 2007) (no personal involvement found where complaint was devoid of allegations "from which it can be reasonably inferred that [the three defendants] created, or allowed to continue, [an unconstitutional] policy").

Here, although Plaintiff names Salmon, Raspanti, Davis and Garcia as defendants, he does not allege *any* conduct whatsoever in which they engaged, let alone any conduct that resulted in a deprivation of his rights. As the Amended Complaint contains no basis for a finding of liability as against these defendants, the claims against them should be dismissed. *See Garcia v. Watts*, 2009 U.S. Dist. LEXIS 84697, at *45 (S.D.N.Y. Aug. 27, 2009) (collecting cases) ("where…complainant names defendant in the caption but the complaint contains no substantive allegation against the defendant, dismissal of the complaint is appropriate"). *See, e.g., Tavares*,

2010 U.S. Dist. LEXIS 80227, at *11 ("A complaint should be dismissed against a defendant when it contains no allegations indicating how the defendant violated the law or injured the plaintiff.") (internal quotation omitted).

## POINT III

### THE AMENDED COMPLAINT DOES NOT SUPPORT A CLAIM FOR DELIBERATE INDIFFERENCE TO PLAINTIFF'S MEDICAL NEEDS

Although unclear, it appears that Plaintiff attempts to allege that Defendants were deliberately indifferent to his medical care in that, follow his heart attack on March 1, 2024, he was allegedly was required to get around by walking, as a result of which he fell, causing a bruise on his leg which subsequently got infected. Such claim, however, should be dismissed because the Amended Complaint fails to plead facts sufficient to support such a claim.

As Plaintiff was a pretrial detainee at the time of the events described in the Amended Complaint, *see* Amended Complaint, at 2, his claim arises under the Due Process Clause of the Fourteenth Amendment. *See Taylor v. City of New York*, 2018 U.S. Dist. LEXIS 52308, at *29 (S.D.N.Y. Mar. 27, 2018). To state such a claim, a plaintiff must satisfy a two-pronged test, including both an objective and subjective component, *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) -- that is both that (i) "the . . . deprivation of adequate medical care [is] 'sufficiently serious,'" *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), *aff'd*, 309 Fed. Appx. 535 (2d Cir. 2009), and that (ii) the prison official acted with a "sufficiently culpable state of mind" amounting to "deliberate indifference to inmate health or safety," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). *See Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998); *Hathaway v. Coughlin*, 99 F.3d 550,

553 (2d Cir. 1996); *Massey v. Morgan*, 2021 U.S. Dist. LEXIS 164981, at *10–11 (S.D.N.Y. Aug. 31, 2021).

"'Because society does not expect that prisoners will have unqualified access to healthcare,' a prisoner must first make [a] threshold showing of serious illness or injury" to state a cognizable claim. *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003)(quoting *Hudson v. McMillen*, 503 U.S. 1, 19 (1992)). A sufficiently serious injury or harm is one where "a condition of urgency, one that may produce death, degeneration or extreme pain, exists." *Hathaway*, 99 F.3d at 553 (citation and internal quotation marks omitted). *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "Factors relevant to the seriousness of a medical condition include whether a reasonable doctor or patient would find it important and worthy of comment, whether the condition significantly affects an individual's daily activities, and whether it causes chronic and substantial pain." *Salahuddin*, 467 F.3d at 280 (internal quotation marks and alterations omitted). *See Brock v. Wright*, 315 F.3d 158, 162-63 (2d Cir. 2003).

If the complained-of conduct consists of a failure to provide *any* treatment, then the court examines whether the inmate's condition itself is "sufficiently serious." *See Smith*, 316 F.3d at 185-86. However, if the complaint alleges that ongoing treatment was provided but was unreasonably delayed or interrupted, then the focus of the inquiry is on the challenged delay or interruption in treatment, rather than the prisoner's underlying medical condition alone." *Salahuddin*, 467 F.3d at 280 (quoting *Smith*, 316 F.3d at 185) (internal quotations marks omitted).

Here, Plaintiff fails to satisfy the objective prong of his claim. While a heart attack is undoubtedly a serious condition, Plaintiff provides no basis for finding that his being required to walk with a cane in the days and weeks after having a heart attack created "a condition of

urgency . . . that may produce death, degeneration or extreme pain . . . ." *Hathaway*, 99 F.3d at 553.

Plaintiff also fails to satisfy the subjective prong of his claim, which requires a showing that the prison official "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. *See Farmer*, 511 U.S. at 837 (subjective prong requires showing that prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); *Caiozzo v. Koreman*, 581 F.3d 63, 71 (2d Cir. 2009)(plaintiff must show "that the government-employed defendant disregarded a risk of harm to the plaintiff of which the defendant was aware."); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998); *Jones v. Westchester County Dep't of Corr. Med. Dep't*, 557 F. Supp. 2d 408, 414 (S.D.N.Y. 2008)("This mental state requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result.").

Plaintiff cannot satisfy the subjective prong of his claim because he fails to allege any facts showing that any of the Defendants knew that there was a substantial risk of serious injury to Plaintiff if he was required to use a cane.[6]  This is a significant pleading failure, as the Second Circuit has held "[t] he charged official [must] act or fail to act while actually aware of a

---

[6]  Although Plaintiff alleges that he fell after walking to the clinic on March 14, 2024, this is likely because his nose was bleeding "profusely," Am. Cmplt., ECF No. 15 at 5, and caused him to be lightheaded.

substantial risk that serious inmate harm will result." *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (quoting *Salahuddin*, 467 F.3d at 280).

Moreover, it is irrelevant that Plaintiff might have preferred some other type of assistive equipment than a cane, as "[t]he Constitution does not command that inmates be given the kind of medical attention that judges would wish to have for themselves[.]" *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986). Thus, an inmate's disagreement with a diagnosis or course of treatment does not support a finding of deliberate indifference. *See Chance*, 143 F.3d at 703 ("So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation")(citing *Dean*, 804 F.2d at 215); *Sonds v. St. Barnabas Hosp. Corr. Health Services*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001) ("disagreements over medications, diagnostic techniques..., forms of treatment, or the need for specialists or the timing of their intervention are not adequate grounds for a Section 1983 claim. These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment"); *Troy v. Kuhlmann*, 1999 U.S. Dist. LEXIS 16027, *19 (S.D.N.Y. Oct. 15, 1999)("[A] prisoner's disagreement with the diagnostic techniques or forms of treatment employed by medical personnel does not itself give rise to an Eighth Amendment claim.") (citation omitted). Thus, a prisoner has "no right to the treatment of one's choice," *Wise v. Halko*, 1997 U.S. Dist. LEXIS 13903, * 9 (S.D.N.Y. Sept. 12, 1997), *Castro-Sanchez v. NYS Dep't of Corr. Services*, 2011 U.S. Dist. LEXIS 140003, * 29 (S.D.N.Y. Dec. 6, 2012)("An inmate is not entitled to treatment by every available medical alternative as long as his treatment is reasonable")(citing *Estelle* , 429 U.S. at 107).

Thus, the mere fact that Plaintiff was required to use a cane does not alone demonstrate that Defendants had the requisite culpable state of mind, as there is no allegation that

such was inadequate. The fact that Plaintiff might have preferred an alternative treatment or believes that he did not get the attention he desired does not rise to the level of a constitutional violation. *Dean*, 804 F.2d at 215. *See AKINS v. SIU*, 1981 U.S. Dist. LEXIS 14251, *13 (S.D.N.Y. Aug. 27, 1981) ("if prison medical personnel diagnose and treat medical complaints, but that their judgment in these respects turns out to be less than absolutely correct, they have nevertheless not acted with deliberate indifference.") Thus, standing on their own, Plaintiff's allegations do not support a finding that Defendants acted with deliberate indifference, further warranting dismissal of this claim.

Plaintiff's allegations are insufficient to satisfy both the objective and subjective components of his claim. Accordingly, Plaintiff's claim for deliberate indifference to his medical needs should be dismissed.

### POINT IV

### PLAINTIFF FAILS TO STATE A CLAIM OF MUNICIPAL LIABILITY AGAINST THE CITY OF NEW YORK

Plaintiff's claims against the City fail because he does not sufficiently allege the existence of an unconstitutional municipal policy or custom, much less that any municipal policy or custom directly caused Plaintiff's alleged injuries.

A municipality such as the City "may be liable under [§ 1983 only] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). "[U]nder § 1983, local governments are responsible only for their *own* illegal acts . . . They are not vicariously liable under § 1983 for their employees' actions." *Id.* (internal citations omitted) (emphasis in original). "Plaintiffs who seek

to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Id.* (quoting *Monell*, 436 U.S. at 691).

Plaintiff can establish a municipal policy in four ways: "(1) a formal policy endorsed by the municipality; (2) actions directed by the government's authorized decisionmakers or those who establish governmental policy; (3) a persistent and widespread practice that amounts to a custom of which policymakers must have been aware; or (4) a constitutional violation resulting from policymakers' failure to train municipal employees." *Deferio v. City of Syracuse*, 770 Fed. App'x 587, 589–90 (2d Cir. 2019) (internal quotations and citations omitted). "Once a plaintiff has demonstrated the existence of a municipal policy, a plaintiff must then establish a causal connection, or an 'affirmative link,' between the policy and the deprivation of his constitutional rights." *Id.* at 590 (quoting *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985)).

Further, it is well-established that "a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) (quotation omitted); *see also Bird v. Cnty. of Westchester*, 2022 U.S. Dist. LEXIS 111672, at *32 (S.D.N.Y. June 23, 2022) (quotation omitted) (failing to allege the existence of a similar incident "dooms [p]laintiff's claim because a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the municipality").

Here, Plaintiff does not plead anything resembling a plausible *Monell* claim against the City. There are no allegations whatsoever regarding the City—its policies, municipal behavior, or any connection to his alleged injuries. Rather, Plaintff's allegations all matters that are personal to himself. These allegations, without more, are not sufficient to state a *Monell* claim. *See, e.g., Campbell v. Hanson*, 2018 U.S. Dist. LEXIS 111215, at *16–17 (S.D.N.Y. June 29, 2018)

15

(dismissing claim against the City that only mentioned a single episode of neglect by a City agency, with no allegations of a policy or custom); *Williams v. City of N.Y.*, 2015 U.S. Dist. LEXIS 94895, at *17–18 (S.D.N.Y. July 21, 2015) (complaint alleging one instance of excessive force in falsely arresting one person did not state a *Monell* claim).

Accordingly, Plaintiff's claim against the City should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss the Amended Complaint in its entirety, and grant the Defendants such other and further relief as the Court deems just and proper.

Dated:    September 5, 2024
          New York, New York

> MURIEL GOODE TRUFANT
> Acting Corporation Counsel of the
>   City of New York
> Attorney for Defendants
> 100 Church Street
> New York, NY 10007
> Tel: (212) 356-0876
>
> By: _____
>     Jeffrey S. Dantowitz
>     Assistant Corporation Counsel