RECEIVED
SDNY PRO SE OFFICE
2024 DEC -6  AM 10: 33

Att: Clerk of Court          NOV, 22, 2024

Re: 24CV 02530

I Hopeton Francis oppose this
Motion by certain facts to
Complaint filed by myself (Hopeton Francis)

Pg 15
— Statement made on this page
clearly shows Counsel Statement
of fact that Plaintiff was a Pre-Trial
Detainee housed at North Infirmary Command
unit at time of event given rise to
the action (complaint) is wrong. Plaintiff
was housed at EMTC during Heart
attack. This issue is about walking
an individual to Hospital Unit
during heart attack is not proper,
thus Plaintiff (Hopeton Francis) ask the
Court to allow for possession of Full
medical Record for entire incident
to clarify in Court trial to
ascertain if Negligence is involved
as well as they walk likely
recorded on Cameras where also
Plaintiff fell on said date

www.madisonpaper.com

NOV, 20, 2024 2 of 2

I Hopeton Francis attach
those Document to show my
need for Courts order to
allow Complete Medical
Documents from Jan, 2024
to Present to show Factual
Continuation of Grave Indifference
and Negligence to Date Nov, 22, 2024

Please assist accordingly as
best legally allowed.

Other Time                    Respectfully
Requested number

Hopeton francis              Hopeton Francis
NORTH Infirmary Command
1500 HAZEN St.               3492403917
East Elmhurst                10-10 HAZEN St
3492400607

www.madisonpaper.com

*Oppose paper (1)*

**NYC**
**HEALTH+**
**HOSPITALS** | **Bellevue**

To: Presiding Judge, Criminal Court, Arraignment Part.

From: Bellevue Hospital Emergency Department

Date:

Re: NAME _Hepelin Francis_
DOB _12/21/63_

Your Honor:

The above named person does not require inpatient care and may be transported to court for arraignment.

1. If the person is to remain in custody, it is the physician's opinion that:

   [] He or she does not currently require treatment and can be remanded into Corrections Department custody.

   [X] He or she should be promptly evaluated by Correctional Health Services (CHS) in order to receive appropriate treatment while in custody.

2. If the person is released from custody, he or she may seek treatment voluntarily at the facility of his or her choice.

If the person remains in custody, CHS may contact the physician named below in order to receive further clinical information about the patient.

Please do not hesitate to contact me if I can be of assistance.

Respectfully,

_____ SAMUEL

Evaluating Physician (sign and print)
Rev 2/13

*oppose paper (2)* (handwritten)

[Brad H Social Work Re-Entry]

Authorization for Disclosure of Medical Records Including
Confidential HIV Related Information

Patient (Print Name): HOPETON Francis     Date of Birth: 12/21/1963

Book and Case Number: 3492403917     NYSID Number: 04850753R

Date(s) of Incarceration: 10/2/24

Address: Rikers Island Correctional Facility

1. I hereby request and authorize NYC Health + Hospitals Corporation/Correctional Health Services ("CHS"), located at 55 Water Street, 18th Floor, New York, NY 10041, to release health information regarding my care and treatment while incarcerated to the following Person(s) or Organization(s):

☐ NYC Department of Health and Mental Hygiene, SPOA and AOT Programs, 42-09 28th St. Queens, NY 11101
☒ Medicaid Assistance Program, 260 11th Ave., New York, NY 10001
☐ PACT, 2010 E Application, 136 Church Street, New York, NY 10038
☐ Department of Homeless Services ("DHS"), 33 Beaver Street, Room 1522, New York, NY 10004
☐ Veteran's Administration ("VA"), PO Box 100-620 181 Bldg # 52 Montrose, N.Y. 10548
☐ EAC Network – C.R.A.N Community Reentry Assistance Network, 175 Remsen Street – 5th Floor, Brooklyn, NY 11201 (718) 975-0180
☐ _____
(Name) (Address)
**(Community mental health services)**

Any information released pursuant to this authorization shall solely be used for the purpose of obtaining and determining my eligibility for financial benefits, medical benefits, housing placement service, and/or other benefits upon my discharge from NYC Department of Correction custody.

The information to be provided by CHS is confined to the following specific information: Problem list with PPD results, Intake Physical and History, Psychosocial evaluation, Psychiatric Assessment, Recent Medication Information, Mental Health Progress notes, DSN, Entitlement Applications and Responses, and Chest X-ray results, if applicable. The information provided by CHS may also include drug/alcohol treatment or HIV related information, but only if specifically authorized in paragraph 4, below.



*Oppose papor*

## PRELIMINARY STATEMENT

Defendants City of New York, Jerome Salmon and Colette Raspanti now submit this memorandum of law in support of their motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Although DOC has a grievance procedure it is facially clear from the Complaint that Plaintiff could not have completed each of the required steps for each alleged grievance. Accordingly, Plaintiff failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act, and this case must now be dismissed.[1]

## STATEMENT OF FACTS

At the time of the events giving rise to this action,[2] Plaintiff was a pre-trial detainee in the custody of the New York City DOC and housed at the North Infirmary Unit. Am. Cmplnt ("ECF No. 15") at 2.[3] Plaintiff alleges that, after having a heart attack on March 1, 2024, he was walked to the medical unit for treatment. He was then transported to Bellevue Hospital, where he "was given lots of medicine and stabilized." Plaintiff alleges that upon his return to NIC, the DOC escort officer lost his "medical discharge papers" and, as a result, he has been given inadequate after care. On March 12, 2024, Plaintiff suffered a bloody nose and was required to walk to the medical clinic, where he "fell upon arrival." As a result of the fall, Plaintiff alleges his foot became infected, for which he has been receiving treatment. For relief, Plaintiff seeks $4.3 million in damages, as well as "assisted care following release."

---

[1] Although Defendants Garcia and Davis have not been identified or served, the arguments made herein would also support dismissal of this action as against them.

[2] Defendants assume the truth of the allegations contained the Complaint for purposes of this motion only.

[3] The citations herein reference the pages assigned by the Court's Electronic Court Filing system.



Hopeton Francis
34924 039(7
40 Hazen St,
NS East Elmhurst
1370 N.Y.

RECEIVED
DEC 04 2024
CLERK'S OFFICE
S.D.N.Y.

10007-131630

pro se

Clerk of the Court
Re. 24CV 2530
500 pearl street
N.Y. 10007

MID-ISLAND NY 117
2 DEC 2024 PM 1 L

2024 DEC -6 AM 10:38
SDNY PRO SE OFFICE
RECEIVED