Index No. 24-cv-02530 -MMG-RFT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOPETON FRANCIS,

                                                                     Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                                                                     Defendants.

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

***MURIEL GOODE TRUFANT***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Jeffrey S. Dantowitz*
*Tel: (212) 356-0876*

# TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | II |
| PRELIMINARY STATEMENT | | 1 |
| ARGUMENT | | 1 |
| LEGAL STANDARD | | 1 |
| POINT I | PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES | 2 |
| POINT II | PLAINTIFF FAILS TO ALLEGE THE PERSONAL INVOLVEMENT OF THE INDIVIDUAL DEFENDANTS | 2 |
| POINT III | THE AMENDED COMPLAINT DOES NOT SUPPORT A CLAIM FOR DELIBERATE INDIFFERENCE TO PLAINTIFF'S MEDICAL NEEDS | 3 |
| POINT IV | PLAINTIFF FAILS TO STATE A CLAIM OF MUNICIPAL LIABILITY AGAINST THE CITY OF NEW YORK | 4 |
| POINT V | THE COURT SHOULD NOT CONSIDER PLAINTIFF'S NEW CLAIMS BASED ON EVENTS UNRELATED TO THOSE IN THE AMENDED COMPLAINT | 4 |
| CONCLUSION | | 5 |

# TABLE OF AUTHORITIES

**Cases** — **Pages**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................ 3

*Farmer v. Brennan*,
  511 U.S. 825 (1994) ............................................................................................................ 3

*Hathaway v. Coughlin*,
  99 F.3d 550 (2d Cir. 1996) .................................................................................................. 3

*Lore v. City of Syracuse*,
  670 F.3d 127 (2d Cir. 2012) ................................................................................................ 1

*Mathie v. Goord*,
  267 F. App'x 13 (2d Cir. 2008) ........................................................................................... 4

*Mira v. Argus Media*,
  No. 14-cv-675, 2017 U.S. Dist. LEXIS 46691
  (S.D.N.Y. Mar. 29, 2017) .................................................................................................... 4

*Nielsen v. AECOM Tech. Corp.*,
  762 F.3d 214 (2d Cir. 2014) ................................................................................................ 1

*Rivera v. Balter Sales Co.*,
  No. 14-CV-1205, 2014 U.S. Dist. LEXIS 166097
  (S.D.N.Y. Dec. 1, 2014) ...................................................................................................... 1

*Tangreti v. Bachmann*,
  983 F.3d 609 (2d Cir. 2020) ............................................................................................ 2-3

*Williams v. Rosenblatt Sec. Inc.*,
  No. 14-CV-4390, 2016 U.S. Dist. LEXIS 96368
  (S.D.N.Y. July 22, 2016) ..................................................................................................... 4

**Statutes**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 1

## PRELIMINARY STATEMENT

Defendants City of New York, Jerome Slamon and Colette Raspanti respectfully submit this reply memorandum of law in further support of their motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). In his opposition papers (ECF Nos. 40 and 41)[1], Plaintiff has not addressed, let alone countered, Defendants' argument that he failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act. Plaintiff also fails to establish that he has a cognizable claim against any Defendant for deliberate indifference to his medical care or that any Defendant had personal involvement in any alleged violation.[2]

## ARGUMENT

### LEGAL STANDARD

It is well-settled in this Circuit that the failure to oppose arguments made in support of a motion to dismiss constitutes an abandonment of those claims. *See Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 222 n.9 (2d Cir. 2014) (plaintiff abandoned certain claims in part because he failed to "oppos[e] the motion to dismiss on [those] issue[s]") (citing *Lore v. City of Syracuse*, 670 F.3d 127, 149 (2d Cir. 2012)); *Rivera v. Balter Sales Co.*, No. 14-CV-1205, 2014 U.S. Dist. LEXIS 166097, *6-7 (S.D.N.Y. Dec. 1, 2014) ("failure to respond to contentions raised in a motion to dismiss claims constitutes an abandonment of those claims.") (collecting cases).

---

[1] Documents 40 and 41 are virtually identical and together are referred to herein as Plaintiff's Opposition.

[2] Although Defendants Garcia and Davis have not been identified or served, the arguments made herein would also support dismissal of this action as against them.

## POINT I

### PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

In their moving papers, Defendants argued that there was insufficient time for Plaintiff to complete all the steps in DOC's grievance process between the date of the underlying incidents and the commencement of this litigation. Plaintiff has not opposed this argument in his Opposition. As Plaintiffs' claims for deliberate indifference are grievable (*see* Defendants' Moving Brief, ECF No. 20, at ECF pgs. 14-15), Plaintiff's failure to oppose this argument warrants dismissal of this action. *See* Legal Standard, *infra*. *See also* Defendants' Moving brief at Point I.

## POINT II

### PLAINTIFF FAILS TO ALLEGE THE PERSONAL INVOLVEMENT OF THE INDIVIDUAL DEFENDANTS

In his Opposition, Plaintiff argues that Defendant Raspanti is named because it was her opinion that Plaintiff should be in the N.I.C. (North Infirmary Command) Facility, because she was on duty during both incidents alleged in the Complaint, and because Plaintiff believes she is "responsible for her team's actions." Nowhere, however, does Plaintiff allege any actions in which Defendant Raspanti engaged in alleged violation of Plaintiff's rights.

In this regard, it bears noting that Defendant Raspanti is alleged to be a Nurse Administrator. However, Plaintiff's claim does not concern the medical care he was given. Indeed, Plaintiff's claims arise from actions taken (or not taken) by DOC correction officers *prior* to his arrival at the clinic and necessarily, then, do not involve Defendant Raspanti. Although Plaintiff attempt to assign liability based on her alleged supervisory role, the Second Circuit has held that a plaintiff must "plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Tangreti v.*

*Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020). As Plaintiff has not alleged any facts demonstrating her personal involvement in the alleged violation of his rights through her "own individual actions," *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), the claims against her should be dismissed.

Plaintiff's Opposition regarding Defendants Davis and Garcia also is unavailing. At most, Plaintiff alleges that Defendant Garcia simply told Plaintiff to lie down, and that Defendant Davis advised him to get some rest. (ECF No. 40 at 1-2). There simply is no actionable conduct attributable to them. Finally, Plaintiff's Opposition does not attempt to demonstrate Defendant Salmon's personal involvement, warranting dismissal of these claims as abandoned (*see* Legal Standard, *infra*). *See also* Defendants' Moving brief at Point II.

## POINT III

### THE AMENDED COMPLAINT DOES NOT SUPPORT A CLAIM FOR DELIBERATE INDIFFERENCE TO PLAINTIFF'S MEDICAL NEEDS

Plaintiff's Opposition fails to show how Plaintiff satisfies either the objective or subjective prong of his claim. Indeed, the contrary is true.

As noted above, Plaintiff alleges that Defendant Garcia simply told Plaintiff to lie down, and that Defendant Davis advised him to get some rest. Although "[s]hortly thereafter the situation got worse," there is nothing to indicate that either of these defendants (or Defendants Salmon or Raspanti) knew that Plaintiff was experiencing anything other than "not feeling well" (*id.* at 1), or had any condition that would preclude him from walking to the clinic. Thus, these defendants did not know of any serious medical condition to which they could have been deliberately indifferent. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (sufficiently serious injury or harm is one where "a condition of urgency, one that may produce death, degeneration or extreme pain, exists). *See also Farmer v. Brennan*, 511 U.S. 825, 837 (1994)

3

(subjective prong requires showing that prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.")

As Plaintiff does not either satisfy both the objective and subjective components of his claim. Accordingly, Plaintiff's claim for deliberate indifference to his medical needs should be dismissed. *See also* Defendants' Moving brief at Point III.

## POINT IV

### PLAINTIFF FAILS TO STATE A CLAIM OF MUNICIPAL LIABILITY AGAINST THE CITY OF NEW YORK

Plaintiff's Opposition fails to include any argument addressing Defendants' motion to dismiss the claims against the City. Accordingly, these claims should be dismissed as abandoned, and for the reasons set forth in Defendants' Moving brief at Point IV.

## POINT V

### THE COURT SHOULD NOT CONSIDER PLAINTIFF'S NEW CLAIMS BASED ON EVENTS UNRELATED TO THOSE IN THE AMENDED COMPLAINT

In his Opposition, Plaintiff adds a new claim (against no particular individual) based on events that allegedly occurred in October 2024. The Court should not entertain this new claim, as "[o]pposition to a motion to dismiss is not a proper means to assert new claims or add additional parties." *Williams v. Rosenblatt Sec. Inc.*, No. 14-CV-4390, 2016 U.S. Dist. LEXIS 96368, * 14 (S.D.N.Y. July 22, 2016) (citing *Mathie v. Goord*, 267 F. App'x. 13, 14 (2d Cir. 2008) (summary order). This also holds true for pro se plaintiffs. *See Mira v. Argus Media,* No. 14-cv-675, 2017 U.S. Dist. LEXIS 46691, * 9 n.4 (S.D.N.Y. 2017) (declining to review claims raised in a pro se plaintiff's opposition briefing because the new allegations went "well beyond merely

4

elaborating on the facts alleged in the Complaint and apparently are intended to support new legal theories.").

## CONCLUSION

For the foregoing reasons and those set forth in their moving papers, Defendants respectfully request that the Court grant their motion and dismiss the Amended Complaint in its entirety, and grant the Defendants such other and further relief as the Court deems just and proper.

Dated:   April 21, 2025
         New York, New York

                               **MURIEL GOODE TRUFANT**
                               Corporation Counsel of the
                                  City of New York
                               *Attorney for Defendants*
                               100 Church Street
                               New York, N.Y. 10007
                               Tel: (212) 356-0876

                 By: _____
                            Jeffrey S. Dantowitz
                            *Assistant Corporation Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

HOPETON FRANCIS,

                                    Plaintiff,          24-CV-02530 (MGG)

               -against-

CITY OF NEW YORK, ET AL.,                       **DECLARATION**
                                                                    **OF SERVICE**

                                  Defendants.

------------------------------------------------------------------- x

        **JEFFREY S. DANTOWITZ** declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

        1.    I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, attorney for Defendants City of New York, Jerome Salmon and Colette Raspanti (the "Moving Defendants") in the above-captioned action.

        2.    On April 21, 2025, I served the following papers on plaintiff Hopeton Francis:

        a.    a reply memorandum of law in further support of Defendants' motion, dated April 21, 2025, together with a copy of all the unreported decisions and other authority cited therein.

by depositing a true copy of same, enclosed in a first class postpaid properly-addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal

Service, within the State of New York, directed to Plaintiff at the address set forth below, being the address designated by Plaintiff for that purpose:

>Hopeton K. Francis
>24-R-3165
>Gouvernor Correctional Facility
>112 Scotch Settlement Road
>P. O. Box 480
>Gouvenor, NY 13642-0370

Dated:   New York, New York
         April 21, 2025

/s/ Jeffrey S. Dantowitz
Jeffrey S. Dantowitz
Assistant Corporation Counsel