

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JEFFREY S. DANTOWITZ**<br>phone: (212) 356-0876<br>jdantowi@law.nyc.gov<br>(not for service) |

August 19, 2025

**VIA ECF**
Hon. Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, New York 10007

Re:   Francis v. City of New York *et al.*,
       No. 24-cv-02530 (MMG)(RFT)

Dear Judge Tarnofsky:

This office represents Defendants City of New York, Salmon and Raspanti (collectively, "Defendants") in this action.

In a previous court conference following the filing of Defendants' motion to dismiss, Plaintiff noted that Defendants had made some factual errors in their papers. Your Honor permitted Plaintiff to file a letter identifying those errors. Plaintiff did so by letter dated July 25, 2025, identifying a single factual error. I now write to respectfully respond to Plaintiff's letter.

Plaintiff is correct that Defendants' motion papers mistakenly stated that "At the time of the events giving rise to this action, Plaintiff was a pre-trial detainee in the custody of the New York City DOC and housed at the North Infirmary Unit." ECF No. 19 at ECF p. 10). Rather, as stated in his Amended Complaint, Plaintiff was housed at the E.M.T.C. facility. (Am. Cmplt. ECF No. 19 at ECF p. 5, § 5). Plaintiff appears to argue that as a result of this error,[1] no ruling on Defendants' motion can be accurate. Plaintiff's concern, however, is misplaced

Defendants moved to dismiss the Amended Complaint on the grounds that (i) Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, (ii) Plaintiff failed to allege facts showing the personal involvement of Defendant Chester in any acts that allegedly violated Plaintiff's rights, (iii) Plaintiff failed to allege facts sufficient to

---

[1] Defendants mistakenly confused Plaintiff then-current housing assignment at the North Infirmary Command (Am. Cmplt. ECF No. 19 at ECF p. 2, § 2) with the location of the subject incident.

support the two prongs of his deliberate indifference claims and (iv) Plaintiff failed to allege facts sufficient to support a claim of municipal liability against the City. *See generally* Memorandum of Law dated September 5, 2024, ECF No. 20. Significantly, the location of the subject incident is entirely irrelevant to these arguments. Indeed, other than the exhaustion argument, each of these grounds for dismissal is based on the sufficiency of Plaintiff's allegations, while the exhaustion argument is based on Plaintiff's failure to comply with a Department of Correction directive that applies to all inmates in DOC custody, regardless of housing assignment.

Accordingly, while Defendants' error is regrettable, it has no bearing whatsoever on Defendants' motion or the Court's ability to decide that motion.

Thank you for your consideration of the foregoing.

Respectfully,

Jeffrey S. Dantowitz
Assistant Corporation Counsel

cc: Hopeton Francis
24 R 3165
Gouverneur Correctional Facility
P.O. Box 480
Gouverneur, NY 13642-0370