UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOPETON K. FRANCIS,<br><br>                            Plaintiff,<br><br>    -v-<br><br> CITY OF NEW YORK, et al.,<br><br>                            Defendants. | 24-CV-2530 (MMG) (RFT)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE MARGARET M. GARNETT, UNITED STATES DISTRICT JUDGE:**

For the reasons set forth below, I respectfully recommend that Your Honor should sua sponte dismiss this case, without prejudice, for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

## PROCEDURAL HISTORY

Plaintiff filed his pro se complaint on April 2, 2024, alleging claims under 42 U.S.C. § 1983 for deliberate indifference to hiss medical needs arising out of two incidents in March 2024 (ECF 1). Plaintiff was made aware of his obligation to keep the Court updated of any changes to his address. (*See* ECF 4.) On three separate occasions, Plaintiff informed the Court of a change of address. (*See* ECF 6, ECF 7, ECF 37.) Plaintiff filed an amended complaint on June 24, 2024 (ECF 15). Your Honor referred this matter to me for general pretrial supervision (ECF 28).

Defendant moved to dismiss on September 5, 2024 (ECF 19). Your Honor amended the order of reference to include a report and recommendation on the motion to dismiss. (*See* ECF 47, Am. Order of Ref.) I issued a report and recommendation on October 10, 2025, which

recommended that Your Honor grant Defendants' motion to dismiss without prejudice to Plaintiff's filing a second amended complaint. (*See* ECF 62, Report & Recommendation.)

The report and recommendation was mailed to Plaintiff at the Gouverneur Correctional facility, where he had been incarcerated. (*See* ECF 63.) My courtroom deputy subsequently informed me that Plaintiff was released on parole on October 2, 2025. (*See id.*) On October 22, 2025, I ordered Defendants to make best efforts to identify a new mailing address for Plaintiff and to inform the Court. (*See id.*) Defendants provided two new addresses for Plaintiff, and I requested that the Clerk of Court mail copies of the October 10, 2025 report and recommendation to those two addresses. (*See* ECF 65.) The report and recommendation was mailed again on October 30, 2025. (*See* ECF 66.) The mailings to the two new addresses were returned as undeliverable. (*See* ECF 67.)

On December 5, 2025, Your Honor adopted the report and recommendation and directed the parties to address a schedule for Plaintiff to file a second amended complaint at a telephonic conference I had scheduled for December 17, 2026 (ECF 68). Plaintiff did not appear at the telephonic conference as required, and I rescheduled the conference for January 20, 2026. (*See* ECF 69.) I again ordered Defendants to make best efforts to inform the Court of a new address for Plaintiff. (*See* ECF 70.) Defendants' counsel reported that Plaintiff had not reported to his parole officer and that Plaintiff was considered to have absconded; counsel further reported that the approved addresses for Plaintiff continued to be the addresses previously provided to the Court and that Plaintiff was not residing in a NYC Department of Homeless Services shelter. (*See* ECF 71.) Plaintiff did not appear at the telephonic conference as required on January 20, 2026. (*See* ECF 72.)

On January 21, 2026, I ordered Plaintiff to file a second amended complaint by January 30, 2026. (*See* ECF 71.) I reminded Plaintiff of his obligation to keep the Court updated as to his current address, to comply with all Court orders, and to attend all scheduled conferences (or request that the conference be rescheduled). (*See id.*) I specifically warned Plaintiff that failure to appear at conferences or any other failures to comply with Court orders might lead to dismissal of this case for failure to participate in the litigation and, more specifically, that failure by Plaintiff to file a second amended complaint by January 30, 2026 might result in dismissal of this case. (*See id*.) The order was mailed to Plaintiff at the addresses previously provided by Defendants' counsel, but the mail was returned as undeliverable. Plaintiff has not filed a second amended complaint or updated the Court with his new address or other contact information.

## LEGAL STANDARDS

A plaintiff has a general obligation to prosecute his case diligently, and "if he fails to do so, the Court may dismiss the action under Rule 41(b), for failure to prosecute." *Zapata v. Isabella Geriatric Ctr.*, No. 12-CV-00738 (ALC) (DF), 2013 WL 1762900, at *2 (S.D.N.Y. Apr. 1, 2013), *report and recommendation adopted*, 2013 WL 1762168 (S.D.N.Y. Apr. 24, 2013).[1]

"[W]hen a party changes addresses, it is his obligation to notify the court of his new address." *Ackridge v. Martinez*, No. 09-CV-10400 (RJH) (LMS), 2011 WL 5865265, at *3 (S.D.N.Y. Nov. 22, 2011) (recognizing that the plaintiff may have failed to oppose the defendant's motion for summary judgment or to object to the recommendation that the motion be granted because he may not have received those filings, but concluding that because the plaintiff was

---

[1] Unless otherwise indicated, this report and recommendation omits internal quotation marks, citations, and alterations from quoted text.

aware that the motion would be filed and of his obligation to update his contact information with the Court, the case should be dismissed); *see Gulifield v. Miller*, No. 18-CV-2411 (CS), 2023 WL 8701242, at *1 (S.D.N.Y. Dec. 15, 2023) (noting the petitioner's obligation to keep the Court updated about a potential new address); *Thornton v. Moroney*, No. 13-CV-8912 (ER), 2014 WL 2805236, at *2 (S.D.N.Y. June 20, 2014) (holding that the plaintiff had a "duty to diligently pursue his case" and inform court of any change of address); *Dong v. United States,* No. 02-CV-7751 (SAS), 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (finding dismissal appropriate where plaintiff was inaccessible for the preceding two months "without notifying the Court, the Government, or the Pro Se Office of a change of address"); *Handlin v. Garvey*, No. 91-CV-6777 (AGS), 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (explaining that updating the Court about his current address is an "obligation that rests with all pro se plaintiffs").

Plaintiff has the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *Perez v. City of New York*, No. 19-CV-2351 (LAK) (OTW), 2022 WL 21781461, at *1 (S.D.N.Y. Aug. 10, 2022). Rule 41(b) permits a court to sua sponte dismiss an action. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *Baptiste v. Sommers*, 768 F.3d 212 at 216 (2d Cir. 2014) (authorizing the Court to dismiss an action if the plaintiff fails to prosecute). The Second Circuit directs district courts to consider five non-dispositive factors in weighing the propriety of a Rule 41(b) dismissal: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a

4

party's right to due process and a fair chance to be heard, and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *LeSane*, 239 F.3d at 209.

Additionally, in *Romano v. Laskowski*, No. 22-1896, 2024 WL 4635227 (2d Cir. Oct. 31, 2024), the Second Circuit issued a summary order providing guidance on the application of Rule 41(b): the Second Circuit reversed the district court's dismissal without prejudice for failure to prosecute, finding that, where a dismissal would render the claims untimely, a court must make a finding of "willfulness, bad faith, or reasonably serious fault" before dismissing for failure to prosecute under Rule 41(b). *Romano,* 2024 WL 4635227, at *4-5.

#### DISCUSSION

Here, each of the five relevant factors favors dismissal of Plaintiff's action.

As to the duration of Plaintiff's failure to prosecute, it has been over four months since October 2, 2025, when Plaintiff was released on parole but failed to provide the Court with an updated address. Such a delay is sufficient for a Rule 41(b) dismissal. *See Dong*, 2004 WL 385117, at *3 (holding that the Court's inability to contact the plaintiff for two months warranted dismissal); *Greene v. City of New York*, No. 19-CV-0873 (ARR) (RER), 2020 WL 2840521, at *3 (E.D.N.Y. Apr. 23, 2020) (collecting decisions dismissing for failure to prosecute following delays of five months or less), *report and recommendation adopted*, 2020 WL 2836785 (E.D.N.Y. June 1, 2020).

Relevant to the second factor, I issued four orders extending Plaintiff's deadlines to object to my report and recommendation and file a second amended complaint, and Plaintiff was warned of the consequences of failing to comply with my orders. (*See* ECF 66; ECF 67; ECF 70; ECF 72.) Indeed, in my most recent order, I admonished Plaintiff that failure to file a second

amended complaint by January 30, 2025 could result in dismissal of his case. (*See* ECF 72.) "[A]lthough no one Rule 41(b) factor is dispositive, inexcusable disregard for a judge's warning justifies dismissal, even when the delay is brief." *Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99-CV-9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000). While I understand that Plaintiff did not receive these orders, he was aware of his obligation to update the Court of any change of address; he filed notices of changes of address three times (*See* ECF 6; ECF 7; ECF 37), which reflects that he understands how to do so.

As to the third factor, "[a]lthough there is no specific evidence on the record that delay will prejudice [the defendants] – indeed, there is no record beyond [the Complaint, Plaintiff's motions for injunctive relief, and the Court's orders] – [p]rejudice to defendants resulting from unreasonable delay may be presumed." *Farion v. Ezzo*, No. 19-CV-5477 (LJL), 2020 WL 5578294, at *1 (S.D.N.Y. Sept. 17, 2020) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).

With respect to the fourth factor, "the Court's interest in managing its docket is significant, as it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket where [Plaintiff has] made no effort to comply with the Court's orders or to prosecute this case." *Ungaro v. Aaron*, No. 24-CV-0339 (RA), 2024 WL 3678437, at *2 (S.D.N.Y. Aug. 5, 2024) (quoting *Antonio v. Beckford*, 05-CV-2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006)).

And as to the fifth factor, there is no basis to conclude that a lesser sanction would lead Plaintiff to comply with his obligations – because the Court has no way to reach Plaintiff, it cannot inform him of a lesser sanction. "There is no reason for this case to languish on the

Court's docket or to hang over the head of the Government if [Plaintiff] is unwilling or unable to prosecute it." *Dong*, 2004 WL 385117, at \*3.

Dismissal without prejudice would not render Plaintiff's claims under Section 1983 untimely; the three-year limitations period will not expire until March 2027. *See Romano,* 2024 WL 4635227, at \*4-5.

<u>**CONCLUSION**</u>

For the foregoing reasons, I respectfully recommend that Your Honor should sua sponte dismiss the case for failure to prosecute, without prejudice to refiling, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

DATED:  February 5, 2026
        New York, NY

RESPECTFULLY SUBMITTED,

**ROBYN F. TARNOFSKY**
United States Magistrate Judge

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen (14) days after being served with a

copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Garnett.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).