USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___2/24/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOPETON K. FRANCIS,

                              Plaintiff,

              -against-

CITY OF NEW YORK, et al.,

                              Defendants.

24-CV-02530 (MMG) (RFT)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

On February 5, 2026, Judge Tarnofsky issued a Report and Recommendation recommending that the Court dismiss this lawsuit for failure to prosecute. Dkt. No. 73. Judge Tarnofsky issued this Report and Recommendation after numerous attempts to locate and contact Plaintiff and his repeated failure to participate in this lawsuit. *See, e.g.*, Dkt. Nos. 69, 70, & 72. In publicly accessible orders sent to Plaintiff's last known address, Judge Tarnofsky also warned Plaintiff that his lawsuit would be dismissed if he failed to participate. *See* Dkt. No. 72.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections and warned that failure to timely file such objections would result in waiver of any right to object. *See* Dkt. No. 73. In addition, the Report and Recommendation expressly called Plaintiff's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Plaintiff has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Clerk of Court is respectfully directed to dismiss the complaint without prejudice and CLOSE this case.

Dated: February 24, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge